UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CYNTHIA HOLDEN (#60148)

VERSUS                                          CIVIL ACTION

ROBERT RACHAL, ET AL                            NUMBER 10-849-JJB-DLD

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on February 13, 2012.

**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CYNTHIA HOLDEN (#60148)

VERSUS                                             CIVIL ACTION

ROBERT RACHAL, ET AL                NUMBER 10-849-JJB-DLD

## MAGISTRATE JUDGE'S REPORT

Before the court is the petition of Cynthia Holden for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

For the reasons which follow, the petition should be denied.

## State Court Procedural History

Petitioner pled guilty to one count felony theft in excess of $500 in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana on February 19, 2008. Petitioner was adjudicated a third felony offender and was sentenced to 10 years imprisonment at hard labor.

The First Circuit Court of Appeal set aside the petitioner's guilty plea and habitual offender adjudication and remanded to the district court. *State of Louisiana v. Cynthia Holden*, 2008-2191 (La. App. 1st Cir. 6/23/09) (unpublished opinion).

The State sought supervisory review in the Louisiana Supreme Court. The Louisiana Supreme Court granted the writ and held that the petitioner's guilty plea to theft was knowing, intelligent and voluntary. *State of Louisiana v. Cynthia Holden*, 2009-1714 (La. 4/9/10), 32 So.3d 803.

Petitioner did not file an application for post-conviction relief.

### Federal Habeas Corpus Application

Petitioner filed her federal habeas corpus application on November 29, 2010, in the United States District Court for the Eastern District of Louisiana and on December 21, 2010, the matter was transferred to the Middle District. Petitioner raised a single ground for relief: her conviction was obtained without expressly entering a guilty plea in violation of La.C.Cr.P. art. 556.1.

Petitioner's federal habeas corpus application is timely. No evidentiary hearing is required.

### Applicable Law and Analysis

Section 2254(d) provides as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Section 2254(e)(1) provides as follows:

> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Subsection (d)(2) of § 2254 applies to a state court's factual determination. It bars

federal court relief unless the state court adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence." Subsection (d)(1) provides the standard of review for questions of law and mixed questions of law and fact. *Drinkard v. Johnson*, 97 F.3d 751, 767-68 (5th Cir. 1996), *cert. denied*, 520 U.S. 1107, 117 S.Ct. 1114 (1997).

The second clause of subsection (d)(1) refers to mixed questions of law and fact because it speaks of an "unreasonable application of ... clearly established Federal law." When the issue before the court is a mixed question of law and fact, the court may grant relief only if it determines that the state court decision rested on "an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court," to the facts of the case. The first clause of subsection (d)(1) refers to questions of law. When the issue raised involves a purely legal question, the court may grant relief only if it determines that a state court's decision rested on a legal determination that was "contrary to...clearly established Federal law, as determined by the Supreme Court." *Id.*

Petitioner argued that she never expressly entered a guilty plea in violation of La.C.Cr.P. art. 556.1.

A federal habeas court may grant relief when the petitioner is held in custody pursuant to a judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). Federal courts will not review a state court's interpretation of its own law in a federal habeas corpus proceeding. *Cook v. Morrill*, 783 F.2d 593 (5th Cir. 1986).

Insofar as the foundation of the petitioner's habeas application rests on the proper

interpretation and application of state jurisprudence and procedural rules, this is an issue not within the scope of federal habeas corpus.

Insofar as the petitioner's application can be read to argue that her guilty plea was not knowing, intelligent and voluntary, the claim is without merit.

A plea of guilty waives a number of constitutional rights. *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 1712 (1969); *Joseph v. Butler*, 838 F.2d 786, 789 (5th Cir. 1988). Therefore, the Fourteenth Amendment Due Process Clause imposes certain requirements to ensure the validity of a guilty plea. *Fischer v. Wainwright*, 584 F.2d 691, 692 (5th Cir. 1978) (citing *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463 (1970); *Boykin*, 395 U.S. 238, 89 S.Ct. 1709; *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019 (1938). "*Boykin* requires that defendants have a hearing prior to entry of the plea, at which there needs to be an affirmative showing that the decision to plead guilty was voluntarily and intelligently made." *Matthew v. Johnson*, 201 F.3d 353, 368 n. 22 (5th Cir. 2000). In addition, "the voluntary and intelligent nature of the plea [must] be apparent on the face of the record." *See Holloway v. Lynaugh*, 838 F.2d 792, 793 (5th Cir. 1988).

A plea "is constitutionally valid only to the extent it is 'voluntary' and 'intelligent.'" *Bousley v. United States*, 523 U.S. 614, 618, 118 S.Ct. 1604, 1609 (1998) (quoting *Brady*, 397 U.S. at 748, 90 S.Ct. at 1469). "The voluntariness of a plea is determined by 'considering all of the relevant circumstances surrounding it.'" *Id.* (quoting *Brady*, 397 U.S. at 749, 90 S.Ct. at 1469). Pleas are involuntary when induced by threats, improper promises, deception, or misrepresentation. *See Daniel v. Cockrell*, 283 F.3d 697, 702-03 (5th Cir.), *cert. denied*, 537 U.S. 874, 123 S.Ct. 286 (2002); *United States v. Amaya*, 111

4

F.3d 386, 389 (5th Cir. 1997). A plea qualifies as intelligent when the criminal defendant enters it after receiving 'real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process.'" *Bousley*, 523 U.S. at 618 (quoting *Smith v. O'Grady*, 312 U.S. 329, 334, 61 S.Ct. 572, 574 (1941)). "Before the trial court may accept a guilty plea, the court must ensure that the defendant 'has a full understanding of what the plea connotes and of its consequence.'" *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991) (quoting *Boykin*, 395 U.S. at 244, 89 S.Ct. at 1709). "A guilty plea is invalid if the defendant does not understand the nature of the constitutional protection that he is waiving or if he has such an incomplete understanding of the charges against him that his plea cannot stand as an admission of guilt." *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995) (citing *Henderson v. Morgan*, 426 U.S. 637, 645 n. 13, 96 S.Ct. 2253, 2257 n. 13 (1976)).

A prisoner may not generally "collaterally attack a voluntary and intelligent" plea. *Taylor*, 933 F.2d at 329. A guilty plea "entered by one fully aware of the direct consequences ... must stand unless induced by threat (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (*e.g.* bribes)." *See Brady*, 397 U.S. at 755, 90 S.Ct. at 1472. "If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea ... will be upheld on federal review." *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980) (*en banc*), *modified on other grounds*, 646 F.2d 902 (5th Cir. 1981). A defendant's

statements under oath at a plea hearing are entitled to a presumption of verity. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998).

A review of the *Boykin* transcript[1] showed that the petitioner was represented by her attorney during the plea hearing. Her attorney advised the court that an agreement had been reached with the Assistant District Attorney which provided that in exchange for a guilty plea as charged and as a habitual offender, the petitioner would receive a 10 year sentence.[2] During the *Boykin* examination, the trial judge informed the petitioner of the charges against her to which she intended to plead guilty.[3] The trial judge verified that the petitioner fully understood the charges against her and the sentencing ramifications of her guilty plea.[4] During the *Boykin* examination, the petitioner denied that she had been threatened by anyone.[5]

## Conclusion

The *Boykin* Transcript shows that the petitioner was not unlawfully coerced or threatened to enter a guilty plea and the petitioner was adequately informed and was fully aware of the consequences of her guilty plea. Consequently, the petitioner's guilty plea was voluntarily, knowingly and intelligently made.

---

[1] State Court Record, Vol. 1, Plea and Boykinization Transcript, pp. 140- 147.

[2] *Id.* at 141.

[3] *Id.* at 144.

[4] *Id.* at 144-145 .

[5] *Id.* at 145.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the petition of Cynthia Holden for habeas corpus relief be denied.

Signed in Baton Rouge, Louisiana, on February 13, 2012.

**MAGISTRATE JUDGE DOCIA L. DALBY**